UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PEPCO ENERGY SERVICES, INC.

                          Plaintiff(s),           **ORDER**

                                                    CV07-4809 (WDW)

        -against-

STEFAN L. GEIRINGER and SLG, INC.

                          Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court is the defendants' motion pursuant to Federal Rule 54(b) for

reconsideration of my Order dated October 30, 2009 (DE[47]), which granted summary judgment

in favor of the plaintiff and denied summary judgment to the defendants. *See* DE[48]. For the

reasons set forth in this order, the motion for reconsideration of the earlier order is granted in

part, to consider the argument about electronic signatures, but, upon reconsideration, the earlier

decision is adhered to in its entirety. Because no decision was reached on damages after the

November 18 conference, the court will accept further, limited, briefing on that issue, as set forth

*infra.*

      Familiarity with the earlier order is assumed. The defendants argue that the order

granting summary judgment should be vacated for three reasons: (1) the court misapplied the

summary judgment standard by drawing inferences in favor of the movant; (2) the court was in

error in determining that the October 12, 2007 letter was not executed, and the defendants were

not given an opportunity to adequately address that issue; and (3) the plaintiff has not been

subjected to any liability or damages, a necessary element of its claim. Generally, a district court

may not revisit prior decisions under Rule 54(b) "unless there is an intervening change of

controlling law, the availability of new evidence, or the need to correct clear error or prevent a

manifest injustice." *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003).  Moreover, "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito,* 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (internal citations and quotation marks omitted).  Still, the question of whether to reconsider an earlier order is left to the discretion of the court, and I will reconsider the issue of whether the DePriest letter was executed pursuant to the law of electronic signatures. Although the issue of execution was a crucial and obvious one, that could and should have been fully argued by the parties and was at least alluded to the plaintiff in its papers, the court will accept, for the purposes of this motion, the defendants' argument that the issue was fully briefed only in the plaintiff's reply papers and consider the new arguments advanced.

The defendants argue that the finding that the October 12th DePriest letter was not executed was incorrect, based on the law of electronic signatures.  The court has considered the defendants' arguments and adheres to its earlier finding.  The defendants appear to argue that Mr. DePriest's typed signature on the letter itself constitutes sufficient execution because the letter was electronically transmitted as an email attachment, and/or that the email itself constitutes an electronic signature to the letter.  The cases cited to by the defendants, however, do not support a finding that the letter attached to DePriest's email was "executed' by virtue of his including his name on the email itself, nor do they support a finding that a typed name is equivalent to a signature.  *Cloud Corp. v. Hasbro,* 314 F.3d 289 (7th Cir. 2002), for example, concerned not a letter attached to an email, but disputed text contained in the email itself.  Further, it was decided on the basis of Illinois law and Article II of the UCC, neither of which sources of law are

2

applicable to this lawsuit.

Nor does *Bazak International Corp. v. Tarrant Apparel,* 378 F. Supp. 2d 377 (S.D.N.Y. 2005), advance the defendants' cause. In that case, which also involved the UCC the court held that the document attached to the subject email was sufficient to bind the party because a typed signature appeared on the signature line of the letter and the letter was typed on the party's letterhead. I cannot view the document at issue in *Bazak,* thus cannot say with certainty what the court deemed to be a "signature line." I, however, deem a signature line and an electronic signature to be in the format used in my electronically filed orders. See below. In the DePriest letter, there is no defined signature line, merely Mr. DePriest's typed name, title and corporate affiliation, in a format that would normally appear **under** a signature, not in place of one.

The plaintiff argues, correctly, that under both federal and state law, an "electronic signature" is "an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person **with the intent to sign the record.**" DE[50] at 8 (emphasis in original) (citing 15 U.S.C. §7006 (5); N.Y. State Tech. Law §302(3). The parties' intent is crucial, and here, as was painstakingly explained in the earlier order, there was not only little or no evidence that DePriest intended to sign the letter, there was ample evidence that he did not so intend.

The defendants' other arguments are quickly disposed of. The defendants argue, first, that the court misapplied the summary judgment standard, drawing inappropriate inferences in favor of the plaintiff. I do not agree. As the plaintiff argues in opposition to the motion for reconsideration, the findings about the DePriest letter are just that - findings, not inferences - based on undisputed evidence and the four corners of the letter itself. The third argument is that

3

PES has not been subjected to any liability or damages. That issue was fully considered and determined in the original motion, and will not be considered anew. Based on these two arguments, the defendants have advanced no new cases or facts that would even lead to reconsideration, let alone a reversal of the grant of summary judgment. Any other arguments raised by the defendants on their motion for reconsideration do not meet the standards for a motion under Rule 54(b) and will not be considered anew.

As to the award of damages and entry of judgment, the court asked the parties for further input at a conference on November 18. Because the motion for reconsideration had just been made at that time, no determination was reached. Thus, the parties are directed to submit additional briefing on the issue of damages, including the issue of whether Mr. Geiringer is personally liable. The plaintiff shall file a memorandum of law not to exceed 10 pages by **February 5, 2010.** The defendants may file opposition, not to exceed 10 pages, by **February 19, 2010**, and the plaintiff may file a reply, not to exceed 5 pages, by **March 1, 2010**.

Dated: Central Islip, New York       **SO ORDERED:**
       January 21, 2010


        /s/ William D. Wall
       WILLIAM D. WALL
       United States Magistrate Judge